

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

January 15, 2021

**By ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Family Equality, et al. v. Azar, et al.*, No. 20 Civ. 2403 (MKV)

Dear Judge Vyskocil:

      This Office represents Defendants U.S. Department of Health and Human Services ("HHS") and Alex M. Azar, sued in his official capacity as the Secretary of HHS, in the above-referenced matter.  I write to advise the Court that, on January 12, 2021, HHS promulgated the anticipated final rule which, among other things, finalizes proposed changes to 45 C.F.R. § 75.300.  *See* HHS, Final Rule, 86 Fed. Reg. 2257 (Jan. 12, 2021) (the "January 2021 Rule"), *available at* www.federalregister.gov/documents/2021/01/12/2021-00207/health-and-human-services-grants-regulation.  As stated therein, the rule will take effect on February 11, 2021.

      As Your Honor is aware, in this action brought pursuant to the Administrative Procedure Act ("APA"), Plaintiffs challenge a November 19, 2019, Notification of Nonenforcement of a Health and Human Services Grants Regulation.  *See* 84 Fed. Reg. 63809.  Among other things, the Notification of Nonenforcement stated that HHS would not enforce certain provisions of 45 C.F.R. 75.300, regulations which were promulgated in 2016 and govern awards of grants by HHS to non-federal entities, pending the agency's anticipated amendments to those regulations. After Plaintiffs filed suit, Defendants moved to dismiss the Complaint on the grounds that Plaintiffs lack standing and, in the alternative, moved to stay the action pending the anticipated promulgation of an amended rule.  *See* Dkt. Nos. 40-41.

      As set forth in Defendants memorandum of law, as of the effective date of the January 2021 Rule, Plaintiff's challenge to the Notice of Nonenforcement – which relates only to the soon-to-be obsolete 2016 rule – will be rendered moot as will be "impossible for a court to grant any effectual relief whatever to the prevailing party."  *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quotations omitted).  The Court should accordingly grant Defendants' motion to dismiss the Complaint, or, in the alternative, stay this action pending the effective date of the January 2021 Rule.

      I thank the Court for its attention to this matter.

Respectfully,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____
Jennifer C. Simon
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2746