

January 21, 2020

**By ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *Family Equality, et al. v. Azar, et al.*, No. 20-cv-2403 (MKV)

Dear Judge Vyskocil:

      On January 15, 2021, Defendants notified the Court of a final rulemaking that—when it takes effect—will roll back the provisions currently found at 45 C.F.R. § 75.300 that prohibit grant recipients from discriminating against the beneficiaries of their services. *See* ECF No. 48 (citing HHS, Final Rule, 86 Fed. Reg. 2257 (Jan. 12, 2021)). Defendants argue that this case—which challenges their unlawful policy refusing to enforce the provisions at issue in the 2021 Grants Rule—will be moot when the Rule takes effect. Defendants request that the Court accordingly grant their earlier motion to dismiss the Complaint for lack of standing or stay this action pending the effective date of the 2021 Grants Rule. I submit this response on behalf of the Plaintiffs.

      To begin, this case is not yet moot and may not be for some time, if ever. As Defendants recognize, the effective date of the Grants Rule has not yet come to pass. And while the Rule states that it will go into effect on February 11, 2021, that date will likely be extended to March 21, 2021 (or later) pursuant to a memorandum issued yesterday by the White House Chief of Staff.[1] Specifically, the memorandum requires agency heads to consider delaying the effective date for the purpose of "reviewing any questions of fact, law, and policy the rules may raise."[2] Beyond this more general review, two other Executive Orders issued by President Biden may implicate agency review of the Grants Rule. One requires agency heads to review all agency actions that implicate statutory or regulatory sex discrimination prohibitions to ensure that they fully comply with the Supreme Court's holding in *Bostock v. Clayton County*, 590 U.S. ___ (2020), that sex discrimination encompasses discrimination based on sexual orientation or

---

[1] Ronald A. Klain, Memorandum Regarding Regulatory Freeze Pending Review ¶ 3 (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/regulatory-freeze-pending-review/ (directing agency heads to consider postponing the effective dates of published rules that have not yet taken effect by sixty days or more from the date of the memorandum).
[2] *Id.*

transgender status.[3] The other mandates that all agencies conduct an assessment of whether members of underserved communities (defined to include "Black, Latino, and Indigenous and Native American persons, Asian Americans and Pacific Islanders and other persons of color; members of religious minorities; lesbian, gay, bisexual, transgender, and queer (LGBTQ+) persons; persons with disabilities; persons who live in rural areas; and persons otherwise adversely affected by persistent poverty or inequality") face systemic barriers in accessing federal benefits and programs and to develop plans, consistent with civil rights laws, to ensure "equitable delivery of government benefits."[4] Each of these Executive Orders should require HHS to reassess the 2021 Grants Rule, making its effective date uncertain.

Moreover, the 2021 Grants Rule will very likely be challenged in court, as evidenced by the overwhelming opposition expressed during the public comment period on the proposed rulemaking.[5] Should such litigation succeed in vacating the 2021 Grants Rule, HHS's nonenforcement policy regarding the current nondiscrimination protections would remain in effect, absent action by Defendants, and the instant challenge would be ripe for review. *See* Pls.' Opp. to Defs.' Mot. to Dismiss ("Opp.") at 24 n. 14, ECF No. 42.

Plaintiffs acknowledge that if the rule goes into effect without challenge or should Defendants prevail in such litigation, this case may become moot. While the nonenforcement policy is in place, however, it continues to cause harm to Plaintiffs and HHS grant beneficiaries generally. Accordingly, Plaintiffs agree with Defendants that a brief stay of this action is appropriate.[6] Plaintiffs respectfully propose that the instant litigation be stayed until the Rule's currently scheduled effective date—February 11, 2021—and that fourteen days thereafter, along with Defendants, they file a status report and proposal for further proceedings in this matter. Should the effective date be delayed, Plaintiffs respectfully request that this litigation proceed in order to address the harms being experienced from the agency's refusal to enforce existing non-discrimination requirements.

Sincerely,

*/s/ Kristen P. Miller*

Kristen Miller
Democracy Forward Foundation

---

[3] *See* Executive Order on Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/executive-order-preventing-and-combating-discrimination-on-basis-of-gender-identity-or-sexual-orientation/.

[4] Executive Order On Advancing Racial Equity and Support for Underserved Communities Through the Federal Government (Jan. 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/executive-order-advancing-racial-equity-and-support-for-underserved-communities-through-the-federal-government/.

[5] *See* Regulatory Docket for the Health and Human Services Grants Regulation, Docket ID HHS-OS-2019-0014, https://www.regulations.gov/document?D=HHS-OS-2019-0014-0001 (showing more than 120,000 public comments on the proposed rule).

[6] For the reasons already expressed in Plaintiffs' opposition brief, the Court should reject Defendants' renewed request that the Court dismiss the case for lack of standing. *See* Opp. at 9-20.

P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kmiller@democracyforward.org

*Counsel for Plaintiffs*

CC: All Counsel of Record (by ECF)