February 16, 2021

**By ECF**
Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:  *Family Equality, et al. v. Azar, et al.*, No. 20-cv-2403 (MKV)

Dear Judge Vyskocil:

The parties submit this joint letter in response to the Court's Order of February 2, 2021. ECF No. 51.

**Plaintiffs' Position**

On January 15, 2021, Defendants notified the Court of a final rulemaking (the "2021 Grants Rule") that would have rolled back the provisions currently found at 45 C.F.R. § 75.300 that prohibit grant recipients from discriminating against the participants in and beneficiaries of their services. *See* ECF No. 48 (citing Department of Health and Human Services ("HHS"), Final Rule, 86 Fed. Reg. 2257 (Jan. 12, 2021)). Defendants took the position that that rulemaking would make this case moot upon effect. *Id*. Plaintiffs disagreed as to the likelihood that this case would become moot. ECF No. 50. In light of the then-pending effective date of that rulemaking, however, both parties agreed that it would be appropriate for the Court to stay proceedings in this matter until the 2021 Grants Rule's effective date, then, February 11, 2021.

On February 2, 2021, the Court ordered that this case be stayed pending further order of the Court. *See* ECF 51. The Court directed that the parties file a joint letter by February 16, 2021, regarding whether the 2021 Grants Rule became effective, or whether there have been any other developments which impact this case. *Id*.

Since the Court's order, a separate lawsuit has been filed challenging the 2021 Grants Rule. *See Facing Foster Care in Alaska, et al., v. HHS, et al.*, Civ. No. 21-cv-308-KBJ (D.D.C.) That lawsuit was brought by the Plaintiffs in this matter as well as an additional Plaintiff. In response to that lawsuit, the Defendants (HHS and its Acting Secretary) agreed to postpone the effective date of the 2021 Grants Rule until August 11, 2021, a period of 180 days. *Id*. at ECF No. 17. HHS also stated that it would review the Rule during the period of postponement. *Id*. In light of that stipulation, the District Court entered an order postponing the effective date of the 2021 Grants Rule until August 11, 2021. *Id*. at ECF No. 18.

The postponement of the 2021 Grants Rule's effective date until August 11 means that the stay entered in this case is no longer appropriate and this matter should proceed. Considering this postponement, HHS's nonenforcement policy regarding the nondiscrimination protections at issue remains in effect, making the instant challenge ripe for review. *See* Pls.' Opp. to Defs.' Mot. to Dismiss ("Opp.") at 24 n.14, ECF No. 42. Plaintiffs in this matter are suffering ongoing injuries while the nonenforcement policy is in effect, making any further stay prejudicial to them. *Id.* at 10-15; *see also GOJO Indus., Inc v. Innovative Biodefense, Inc.*, 407 F.Supp.3d 356, 364

(S.D.N.Y. 2019) (stay was unwarranted in part because the challenged conduct—"alleged to be unlawful and ... harmful"—"continues unrestrained until this action is resolved").

Further, Plaintiffs believe that HHS's review of the 2021 Grants Rule should result in a decision to rescind that Rule, which—unless HHS also rescinds the policy at issue here (as it should)—would leave that policy as the operative agency policy for the foreseeable future. Two Executive Orders issued by President Biden require this conclusion. One requires agency heads to review all agency actions that implicate statutory or regulatory sex discrimination prohibitions to ensure that they fully comply with the Supreme Court's holding in *Bostock v. Clayton County*, 590 U.S. ___ (2020)—*i.e.*, that sex discrimination encompasses discrimination based on sexual orientation or transgender status.[1] The other mandates that all agencies conduct an assessment of whether members of underserved communities (defined to include "Black, Latino, and Indigenous and Native American persons, Asian Americans and Pacific Islanders and other persons of color; members of religious minorities; lesbian, gay, bisexual, transgender, and queer (LGBTQ+) persons; persons with disabilities; persons who live in rural areas; and persons otherwise adversely affected by persistent poverty or inequality") face systemic barriers in accessing federal benefits and programs and to develop plans, consistent with civil rights laws, to ensure "equitable delivery of government benefits."[2] Each of these Executive Orders requires that HHS rescind the 2021 Grants Rule (as well as the nonenforcement policy at issue in this litigation). In the meantime, maintaining the stay of this matter permits the continuation of the very discrimination that those Executive Orders recognize as harmful. *See GOJO Indus.*, 407 F.Supp.3d at 364 ("In deciding whether to stay proceedings, courts in this Circuit consider . . . the interests of persons not parties to the civil litigation and the public interest," among other things).[3]

**Defendants' Position**

The only agency action challenged by Plaintiffs in this APA action is the November 19, 2019, Notification of Nonenforcement of a Health and Human Services Grants Regulation.  *See* 84 Fed. Reg. 63809.  Pursuant to Executive Order 13988, directing the head of each federal agency to review all agency actions that are inconsistent with the policy of the preventing and combating discrimination on the basis of gender identity or sexual orientation and to address

---

[1] *See Executive Order on Preventing and Combating Discrimination on the Basis of Gender Identity or Sexual Orientation*, Exec. Order No. 13988, 86 Fed. Reg. 7023 (Jan. 20, 2021).

[2] *Executive Order On Advancing Racial Equity and Support for Underserved Communities Through the Federal Government*, Exec. Order 13985, 86 Fed. Reg. 7009 (Jan. 20, 2021).

[3] Defendants note that they will need additional time to review the nonenforcement policy in part because HHS needs to "evaluate various exceptions relevant to Texas, Michigan, and South Carolina[.]" This does not support a continued stay. To begin, Plaintiffs are not aware of any exceptions granted to Texas or Michigan. To the best of Plaintiffs' knowledge, HHS has granted only one waiver from the nondiscrimination requirements and that waiver—issued to South Carolina—is currently subject to challenge. *See Rogers, et al. v. HHS*, *et. al*, No. 19-cv-1567-TMC (D.S.C.). Moreover, HHS's purported need for more time to evaluate the nonenforcement policy has no bearing on whether a stay is appropriate. Proceeding with the litigation will surely not prevent Defendants from conducting a concurrent evaluation of the policy. *See Hicks v. City of New York*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) ("[A]bsent a showing of undue prejudice upon defendant . . . , there is no reason why plaintiff should be delayed in its efforts . . . to sustain its claim.").

overlapping forms of discrimination, as well as Executive Order 13985, setting forth the policy of the new administration that the Government should pursue a "comprehensive approach to advancing equity for all, including people of color and others who have been historically underserved, marginalized, and adversely affected by persistent poverty and inequality," HHS is currently evaluating the Notice of Nonenforcement at issue in this litigation.

Given the Executive Order directives to evaluate policies over the first 100 days of the new administration, as well as the expectation of coordination with the Domestic Policy Council and Office of Management and Budget,[4] a continuation of the stay is warranted during the 100-day period, *i.e.* until May 27, 2021. Among other things, HHS will need to evaluate various exceptions relevant to Texas, Michigan, and South Carolina under the 2016 Grants Rule, as it moves forward with implementing the President's Executive Orders. Finally, the Supreme Court decision in *Fulton v. City of Philadelphia* may offer further guidance to the Department as it considers the implementation of Executive Orders.

Sincerely,

*/s/ Robin Thurston*

Robin Thurston
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
rthurston@democracyforward.org
*Counsel for Plaintiffs*

AUDREY STRAUSS
Acting United States Attorney of the
Southern District of New York
*Counsel for Defendants*

By: _____*/s/*_____

JENNIFER C. SIMON
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2746

---

[4] Executive Order 13985 tasks the Domestic Policy Council with coordinating the formulation and implementation of the Administration's domestic policy objectives and coordinating efforts to embed equity principles, policies, and approaches across the Federal Government, and it further directs the Office of Management and Budget to, in partnership with heads of agencies, "study methods for assessing whether agency policies and actions create or exacerbate barriers to full and equal participation by all eligible individuals."